UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL ACTION NO.** |
| | ) | |
| Plaintiff, | ) | **A-12-CR-210-SS** |
| | ) | |
| v. | ) | |
| | ) | |
| **ZULEMA TREVINO,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION FOR FOUR WEEK CONTINUANCE[1]

Defendant, Zulema Trevino, hereby moves this Court to continue the trial setting in this matter from March 4, 2013 to on or after April 1, 2013. In support of this motion, Ms. Trevino sets forth the following facts and argument:

1. On August 28, 2012, this Court continued the trial in the above-referenced case to March 3, 2013.

2. As previously indicated, Undersigned Counsel's wife is due to give birth to their first child in Dallas, Texas on or about March 15, 2013. *See* Notice of Unavailability for Trial Setting in March 2013. (Doc. 222) Ms. Trevino reiterates the arguments set forth therein and makes them a part hereof. While counsel is aware that due dates are inexact, he believes that waiting to request a continuance until the eve of trial or having to request that the trial be stopped immediately before the birth would be much more problematic than requesting a continuance far in advance of trial at a time when it allows the Court to give the parties a certain date. Counsel also points out that any complications during the birth could cause a delay *during* the trial and result in inconvenience to the

---

[1] Counsel for Defendant Huitron also specifically requests a continuance.

Court, jurors, witnesses, and multiple counsel.

3. Ms. Trevino requests that the trial in this matter be continued until on or after April 1, 2013 so she can be represented by the counsel of her choice at trial.[2]  Undersigned counsel has represented Ms. Trevino since shortly after her arrest and has spent a significant amount of hours preparing for trial and reviewing the government's voluminous discovery in this case.  It would be an extreme hardship to Ms. Trevino if she now had to retain substitute counsel in this case.[3]

**4. It should also be made clear that the four week continuance sought would not violate the Speedy Trial Act and the period between March 3, 2013-April 1, 2013 would toll the Speedy Trial clock for all defendants for this four week period.  Indeed, 18 U.S.C. § 3161(h)(7)(B)(iv) specifically excludes continuances granted in order to protect a defendant's right to "continuity of counsel" and, pursuant to 18 U.S.C. § 3161(h)(6), such continuances apply to all co-defendants.  The case law also makes it very clear that such continuances do *not* violate the Speedy Trial Act.**

> The legislative history of the Speedy Trial Act Amendments Act of 1979 indicates that scheduling conflicts of either defense or government counsel were intended by Congress to be legitimate grounds for granting a continuance under § 3161(h)(8). The Amendments Act inserted into the list of factors to be considered by the court, "[w]hether the failure to grant such a continuance ... would unreasonably deny the defendant or the Government continuity of counsel ...." § 3161(h)(8)(B)(iv). The Senate Committee Report on this amendment indicated that this was designed to "meet the concern over scheduling conflicts caused by defense counsel's and the United States

---

[2] Ms. Trevino also does not object to any trial date beginning on or before February 18, 2013.

[3] An alternative, of course, would be to sever Ms. Trevino's case, however, she will await the ruling on this motion prior to filing any motion to sever.  *See, e.g. United States v. Nachamie*, 101 F. Supp. 2d 134, 152  (S.D.N.Y. 2000) (Granting severance based upon unavailability of one defendant's counsel).

> **Attorneys' good faith, already scheduled commitments ... which would otherwise require a disruptive change of counsel, in order to meet the time limits." S.Rep. No. 212, 96th Cong., 1st Sess. 34–35, reprinted in A. Partridge, Legislative History of Title I of the Speedy Trial Act of 1974 185 (Fed.Judicial Center 1980). We therefore find that the continuance was properly granted and the period from October 25 to November 15 was excludable.**

*United States v. Pringle*, 751 F.2d 419, 432 (1st Cir. 1984)[4]

5. Counsel for Defendant Huitron, Richard Esper, has also asked undersigned counsel to inform the Court that he has a February 25, 2013 "special trial setting" in a multi-defendant trial in the El Paso Division and also requests the continuance sought herein. *See* Attachment A (Order dated January 13, 2012). Mr. Esper has indicated that the El Paso case will take at least two weeks to try and, therefore, he would be unavailable to begin a trial on March 3, 2013. That case has been set since January of this year.

6. Undersigned counsel has conferred with the eight attorneys representing the apprehended co-defendants in this case as well as counsel for the government. All consent to the continuance[5] except for counsel for Defendant Cessa. Counsel for Defendant Cessa has informed undersigned counsel that he opposes the continuance based on his client's Speedy Trial Act rights, although he

---

[4]*See also United States v. Fogarty*, 692 F.2d 542, 546 (8th Cir.) (Co-defendant's counsel's trial conflict necessitated continuance to assure continuity of counsel.); *United States v. Kington*, 715 F. Supp. 781, 788 n.21 (N.D. Tex. 1988) (Recognizing that a conflict in the trial date by an attorney for one defendant tolls the speedy trial clock for all defendants); *Belton v. United States*, 2010 WL 2816374, *9 (D.N.H. July 15, 2010) (Continuance granted based on counsel's prepaid vacation plans in order to ensure "continuity of counsel.").

[5]*See, e.g.*, Email from Counsel for Defendant Ramirez to Undersigned Counsel ("It's very important that you be present for the birth of your first child. I have no objections to your continuance.")

has not indicated that he is not available for trial in April 2013.[6]

7. Undersigned counsel appreciates the difficultly a court has in setting a multi-defendant trial. Nevertheless, **it appears *all counsel* are available for a trial set on or after April 1, 2013** whereas at least two counsel, undersigned and Mr. Esper, have serious conflicts with a March 2013 setting. Moreover, the Speedy Trial Act clearly supports the four week continuance requested herein.[7]

WHEREFORE Defendant, Zulema Trevino, respectfully requests this Court to continue the trial setting in this matter from March 4, 2012 to on or after April 1, 2012.

Respectfully submitted,

/s/ F. Clinton Broden
F. Clinton Broden
TX Bar No. 24001495
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)

Attorney for Defendant
Zulema Trevino

---

[6] Counsel for Cessa also believes that a trial setting should not be based upon the inexact due date of a baby. Nevertheless, although admittedly inexact, the likelihood of delivery after March 29, 2013 for a baby predicted to be born on March 15, 2013 would seem statistically remote. Moreover, to allay any concern of Cessa, counsel will commit to trying the case beginning on April 1, 2013 in the unlikely event the baby is not born prior to that date.

[7] Cessa also previously declined a *speedier* January 2013 trial date based upon the unavailability of his own counsel despite the availability of all other counsel.

## **CERTIFICATE OF SERVICE**

      I, F. Clinton Broden, certify that on August 30, 2012, I caused the foregoing document to be served by electronic means on all counsel of record.

                          /s/ F. Clinton Broden
                          F. Clinton Broden

**CERTIFICATE OF CONFERENCE**

I, F. Clinton Broden, certify that I conferred with all counsel of record. The following are unopposed:

    Doug Gardner- United States
    David Finn- Jose Trevino, Jr.
    Frank Rubino- Borbolla
    Guy Womack- Garcia
    Dan Wannamaker- Farias
    Richard Esper- Huitron
    Gerry Montalvo- Quintero
    Robert Harris- Ramirez

The following is opposed:

    Mike DeGeurin- Cessa

    /s/ F. Clinton Broden
    F. Clinton Broden